IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–42–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SAMUEL ALLEN NALDRETT, | |
| Defendant. | |

Before the Court is Defendant Samuel Allen Naldrett's Motion in Limine. (Doc. 16.) Mr. Naldrett seeks a preliminary order from this Court precluding "admission of evidence concerning the specific factual basis underpinning the order of protection that subjects him to federal criminal prosecution." (Doc. 17 at 1.) The Court will enter a preliminary ruling on this motion, subject to renewal at trial if such evidence is offered.

## BACKGROUND

Mr. Naldrett is charged with one count of making a false statement during a firearms transaction in violation of 18 U.S.C. § 922(a)(6). (Doc. 1.) The United States alleges that on or about June 9, 2020, Mr. Naldrett attempted to purchase a handgun from a licensed firearm dealer in Kalispell, Montana by knowingly making "a false and fictitious oral and written statement intended and likely to

1

deceive such dealer." (*Id.* at 2.) Specifically, the United States alleges that Mr. Naldrett indicated on an ATF Form 4473 that he "was not the subject of a court order restraining him from harassing, stalking, or threatening an intimate partner" when he knew he was subject to such an order. (*Id.*)

The charging statute provides that it shall be unlawful "for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a . . . licensed dealer . . . knowingly to make any false or fictitious oral or written statement . . . intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale." 18 U.S.C. § 922(a)(6). In order to sustain a conviction under this statute, the United States must prove the following elements beyond a reasonable doubt:

(1) the seller was a licensed firearms dealer;

(2) in connection with attempting to acquire the firearm from the seller, the defendant made a false statement;

(3) the defendant knew the statement was false; and

(4) the false statement was material—that is, the false statement had a natural tendency to influence, or was capable of influencing the seller into believing that the firearm could be lawfully sold to the defendant.

*United States v. Meech*, 2020 WL 5847011, *6 (D. Mont. 2020) (CR 20-13-BU-DLC) (internal citations omitted).

In order to partially relieve the United States of its burden, Mr. Naldrett has expressed his willingness to "stipulate to the *fact of* the order of protection; that the

2

court order did indeed exist." (Doc. 17 at 1.) In light of this stipulation, Mr. Naldrett requests that this Court exclude from evidence the factual assertions supporting issuance of the order of protection. (*Id.* at 2.) This includes not only the incident statement attached to the Petition for Temporary Order of Protection and Request for Hearing (Doc. 17-1 at 4) but also any supplementary testimony "regarding the reason" an order of protection was sought. (Doc. 17 at 2–4.)

Specifically, Mr. Naldrett contends that, in light of his stipulation, such evidence is irrelevant under Rules 401 and 402, and, alternatively, must be excluded under Rule 403. (*Id.* at 3–5.) In response, the United States represents that it will not seek to introduce the underlying petition itself or the corresponding incident statement. (Doc. 18 at 2.) The United States, however, does intend to offer the underlying orders of protection,[1] and has expressed its intention to introduce the contested evidence if Mr. Naldrett opens the door to its admission. (Doc. 18 at 2.)

## ANALYSIS

"A motion in limine is a procedural mechanism to limit in advance

---

[1] The United States presumably uses the term "orders" to refer to both the Temporary Order of Protection (Doc. 17-2) and Order of Protection (Doc. 17-4). This Court assumes Mr. Naldrett's stipulation to "the *fact of* the order of protection" refers only to the Order of Protection and not the Temporary Order of Protection. (Doc. 17 at 1.) Ultimately, this Court finds the distinction immaterial as Mr. Naldrett does not seek exclusion of either order of protection, just the factual information supporting their issuance.

testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such motions do not "resolve factual disputes or weigh evidence" but rather focus on whether the evidence at issue is "inadmissible on all potential grounds." *United States v. Meech*, 2020 WL 5517029, *4 (D. Mont. 2020) (CR 20-13-BU-DLC). In adjudicating motions in limine, this Court is afforded broad discretion. *Id.* "However, in limine rulings are not binding" and this Court "may always change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Indeed, specific evidentiary rulings are often best made in the context of a trial.

As a starting point, this Court notes that only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevant, evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. This Court's discretion to exclude evidence under Rule 403 is broad. *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011).

"The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*

*v. United States*, 519 U.S. 172, 180 (1997). It is not uncommon for evidence to carry some prejudicial effect, but its risk of unfairly swaying the jury's verdict is substantial "whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." *Id.* at 185.

The Court first turns its attention to Mr. Naldrett's contention that his proposed stipulation strips the subject evidence of its relevance, thus preventing its admission under Rules 401 and 402. In essence, Mr. Naldrett argues that his stipulation to the existence of an order of protection renders "the factual allegations upon which the order is based" wholly irrelevant to the issue of whether he knowingly made a false statement during a firearms transaction. (Doc. 17 at 3–4.) This argument confuses the relevancy inquiry under Rules 401 and 402.

In *Old Chief*, the United States Supreme Court made clear that an items particular "evidentiary relevance under Rule 401" is unaffected "by the availability of alternative proofs to the element of which it went . . . ." 519 U.S. at 179. More precisely, under *Old Chief*, the fact that a party may enter into certain stipulations which help establish an element of the charged crime has no bearing on whether other evidence establishing that same element is relevant within the meaning of the Federal Rules of Evidence. *Id.* at 178–79. As such, Mr. Naldrett's proposed stipulation—that an order of protection existed—is of no consequence in

determining whether the facts underlying the issuance of such an order are independently relevant in this case. And, they clearly are.

Particularly, the facts underlying the order of protection present "a step on one evidentiary route to the ultimate fact" that at the time Mr. Naldrett allegedly attempted to purchase a firearm, he was subjected to an order of protection encompassed within ATF Form 4473. *Id.* Put another way, the facts giving rise to the order of protection, including who sought it and why, make it more or less probable that an order of protection existed at the time Mr. Naldrett allegedly attempted to purchase a firearm. It also makes it more or less probable that he was aware of its existence when he ostensibly attempted to procure a firearm from a licensed dealer. Both of these facts go to two critical elements that must be established in order for the United States to secure a conviction in this case. Thus, here, as in *Old Chief*, the admissibility of the subject evidence "must not rest on the ground that other evidence has rendered it" irrelevant, but "on its character as" unfairly prejudicial. *Id.* Having concluded the subject evidence is relevant, this Court now turns to the question of unfair prejudice.

Pointing to Rule 403, Mr. Naldrett maintains that any probative value the subject evidence might enjoy is substantially outweighed by the danger of unfair prejudice. (Doc. 17 at 4–5.) In addition to general qualms regarding the subject evidence's highly prejudicial nature, Mr. Naldrett creatively argues that because it

establishes his prohibited status under 18 U.S.C. § 922(g)(8), it is inadmissible under the principle pronounced in *Old Chief*. While the Court agrees that exclusion of the subject evidence is warranted under Rule 403, it disagrees that this outcome is dictated by *Old Chief*'s statements regarding status stipulations in § 922(g) prosecutions.

*Old Chief* stands for the narrow proposition that, given the "peculiarities of the element of felony-convict status and of admissions and the like when used to" obtain a conviction under 18 U.S.C. § 922(g)(1), if defendants stipulate to such status, evidence regarding the name or nature of their underlying felony conviction must be excluded under Rule 403. 519 U.S. at 191. This ruling has not neatly translated itself to other contexts. *See United States v. Allen*, 341 F.3d 870, 888 (9th Cir. 2003) (noting that in *Old Chief* the "Court was careful . . . to limit its holding to cases involving 'proof of felon status'"). This Court finds that *Old Chief*'s specific holding, as articulated above, is inapplicable in non–§ 922(g) prosecutions, such as this one brought under § 922(a)(6). Despite Mr. Naldrett's assertions to the contrary, his status as a person described by § 922(g)(8) is not an essential element in establishing that he made a false statement during a firearm transaction with a licensed dealer. As such, *Old Chief*'s holding regarding stipulations as to felony status in § 922(g)(1) prosecutions has no bearing on this dispute.

But this is not to say *Old Chief* is wholly inapplicable.  On the contrary, *Old Chief* pronounces general principles regarding the proper application of Rule 403 that helpfully guide this Court's resolution of the issue confronting it.  *See United States v. Storm*, 915 F. Supp. 2d 1196, 1200 (D. Or. 2012) (noting that *Old Chief*'s general dicta, "not its narrow exception for prior felony convictions," applies in non-§ 922(g)(1) cases); *United States v. Merino-Balderrama*, 146 F.3d 758, 762 (9th Cir. 1998) ("[w]e assess the district court's conduct in the light that *Old Chief* sheds upon Rule 403").  For example, *Old Chief* mandates that a defendant's stipulation "is relevant evidence that must be factored into a district court's" Rule 403 analysis.  *Merino-Balderrama*, 146 F.3d at 762.

Additionally, *Old Chief* instructs that, unlike the threshold relevancy analysis outlined above, a Rule 403 calculation may be informed by an examination of "evidentiary alternatives."  519 U.S. at 184; *United States v. Higuera-Llamos*, 574 F.3d 1206, 1209 (9th Cir. 2009).  To this end, *Old Chief* illustrates that although a piece of evidence may be found to have probative value standing alone during a Court's Rule 401 and 402 analysis, such value may look very different in the context of Rule 403.  519 U.S. at 186.  This is especially true when, as is the case here, a defendant's proposed stipulation provides equal evidentiary value in establishing a certain point when compared to other proffered evidence.  *Id.*

But *Old Chief* also cautions this Court to not utilize Rule 403 in a manner that unduly restricts the United States' right "to prove its case free from any defendant's option to stipulate" certain unfavorable evidence away. *Id.* at 189 (finding it "unquestionably true as a general matter" that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it"). This teaching from *Old Chief* has arguably enjoyed more attention from the Ninth Circuit than its specific holding regarding § 922(g)(1) prosecutions outlined above. *See, e.g., Allen*, 341 F.3d 870, 888 (9th Cir. 2003); *United States v. Jahner*, 72 Fed. Appx. 665, 667 (9th Cir. 2003); *United States v. Lee*, 197 Fed. Appx. 698, 700 (9th Cir. 2006).

Applying these principles, the Court easily concludes that the subject evidence should be excluded under Rule 403. This evidence is highly prejudicial and includes a detailed outline of the factual basis supporting the issuance of an order of protection. It goes without saying that this evidence does not portray Mr. Naldrett in a shining light and carries with it a significant risk that the jury might convict him for that conduct rather than for allegedly lying on a form signed in order to procure a firearm from a licensed dealer.

Moreover, this stipulation, as an alternative to the subject evidence, more

concretely establishes the existence of an order of protection. This fact sharply increases the prejudice occasioned by introduction of the subject evidence and reduces its probative value, as adjudged through the Rule 403 lens, to nearly nothing. Finally, because the United States has indicated it does not intend to offer the subject evidence, the Court finds that its formal exclusion will not unduly restrict the government's presentation of its case. Based on the foregoing, this Court will exercise its discretion under Rule 403 and exclude the subject evidence.

As a final matter, the Court finds it necessary to address the admissibility of the Temporary Order of Protection and Order of Protection filed against Mr. Naldrett. (Docs. 17-2; 17-4.) As noted above, the United States has represented it intends to introduce these documents and Mr. Naldrett's position on their admission is, at best, unclear. (Docs. 17 at 1; 18 at 2.) Certainly, the fact that the Temporary Order of Protection and Order of Protection were actually issued helps establish that Mr. Naldrett was aware of their existence at the time he allegedly attempted to procure a firearm. Mr. Naldrett's proposed stipulation—that an order of protection existed—provides no evidentiary value in this regard. (Doc. 17 at 1.) As such, the Court's ruling does not reach those documents (Docs. 17-2; 17-4), and nothing in this Order purports to bar their admission.

Accordingly, IT IS ORDERED that Mr. Naldrett's motion (Doc. 16) is GRANTED, subject to renewal at trial if such evidence is actually offered.

IT IS FURTHER ORDERED that the Court will not permit introduction of any evidence at trial regarding the factual basis on which the Temporary Order of Protection and Order of Protection (Docs. 17-2; 17-4) were issued. This ruling includes, but is not limited to, the incident statement attached to the Petition for Temporary Order of Protection and Request for Hearing (Doc. 17-1 at 4) and any supplementary testimony as to why an order of protection was sought or subsequently issued.

DATED this 25th day of November, 2020.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court